UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 29 2008
J. T. NOBLIN, CLERK
BY_____ DEPUTY

| | |
|---|---|
| GORDON STEWART and ANN STEWART,<br>Plaintiffs | CIVIL ACTION NO. 08-<br>1:08CV532 HSOJMR |
| VERSUS | JUDGE |
| LEXINGTON INSURANCE COMPANY<br>Defendant | MAGISTRATE<br>JURY TRIAL DEMANDED |

## COMPLAINT

### JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1332, because there is complete diversity of citizenship between the plaintiffs and the defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

2. Venue in this cause is proper pursuant to 28 U.S.C. §1391 because this suit involves real and personal property located in Harrison County, Mississippi, a substantial part of the event giving rise to this claim occurred in Harrison County, and, for purposes of venue, the defendant is a resident of this judicial district under 28 U.S.C. §1391(c).

1

## PARTIES

3.  Plaintiffs, Gordon Stewart and Ann Stewart [hereinafter referred to jointly as "PLAINTIFFS"] are adult residents of Covington, Parish of St. Tammany, Louisiana.

4.  Defendant, Lexington Insurance Company [hereinafter "LEXINGTON"], is a corporation organized and existing under the laws of the state of Massachusetts with its principal office and place of business at 100 Summer Street, Boston, Massachusetts 02110. It may be served with process by service on its agent for service, Mike Chaney, Commissioner of Insurance, Mississippi Insurance Department, 1001 Woolfolk State Office Building, 501 N. West St., Suite 1001, Jackson, MS, 39201.

## STATEMENT

5.  PLAINTIFFS own property located at 132 Sweet Bay Drive, Harrison County, Pass Christian, Mississippi.

6.  PLAINTIFFS purchased a policy of insurance with LEXINGTON providing all-risk coverage, including the amount of $150,000.00 for coverage of the dwelling, among other coverages as set forth in the declaration page. A true and correct copy of the declaration page provided by LEXINGTON is attached hereto as Exhibit 1.

7. PLAINTIFFS always timely paid and renewed thier LEXINGTON policy.

8. On August 29, 2005, within the subject policy period, the insured property and virtually all personal contents therein of PLAINTIFFS were completely destroyed by Hurricane Katrina.

9. PLAINTIFFS has rebuilt the house.

10. LEXINGTON has refused to pay its full obligation owed under the policy.

11. PLAINTIFFS will show that wind caused the loss of their property. Moreover, LEXINGTON cannot establish that any particular part of PLAINTIFFS' damage was caused by flooding, so that therefore PLAINTIFFS are entitled to recover the totality of their loss. Moreover, PLAINTIFFS are entitled to ask for punitive damages as LEXINGTON deliberately breached its contract, failed to properly and objectively adjust PLAINTIFFS' claims, failed to timely pay policy limits equivalent to PLAINTIFFS' actual losses.

12. Moreover, LEXINGTON breached its contract by the manner in which PLAINTIFFS' claim was handled. The low value submitted provided to PLAINTIFFS by LEXINGTON is obviously wrong, shocked the conscience, and constituted willful and wanton conduct.

13. LEXINGTON failed to properly adjust the claim since it did not

properly assess the cause of the damage.

14. LEXINGTON further breached the contract of insurance under Mississippi law and acted willfully and wantonly in that it deliberately failed to properly and objectively evaluate the claim.

15. LEXINGTON failed to pay policy limits equivalent to PLAINTIFFS' actual losses.

16. LEXINGTON's conduct was and is arbitrary, willful, and wanton and completely disregarded PLAINTIFFS' rights by failing to properly, timely and objectively evaluate the destruction of PLAINTIFFS' home, its cause, and LEXINGTON's inability to establish causation by an excluded peril.

17. LEXINGTON failed to follow the law, inappropriately adjusted the claim, committed willful and wanton acts, and breached its duty of good faith.

18. Accordingly, PLAINTIFFS should be awarded punitive damages in order to deter other insurers from similar behaviors.

19. Further, LEXINGTON has acted in bad faith and has utilized bad insurance practices, and in contradiction with Mississippi State Consumer Protection Act and is guilty of mishandling the claim and, as such, which is a further basis for assessment of punitive damages in an amount to be determined by the jury.

20. The PLAINTIFFS hereby respectfully demand a trial by jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, the PLAINTIFFS respectfully demand judgment as follows:

1. An award of money damages in the amount of the full limits of liability of the subject policy, to wit $150,000.00 for dwelling coverage plus additional losses covered under the policy over and above the state coverage limits;

2. Additional construction expenses provided under the policy for new Code requirements;

3. Debris removal, trees, shrubs and other plants, and refrigerated products;

4. An award of punitive damages in an effort to punish and deter LEXINGTON and other insurers from this conduct in the future;

5. Attorney's expenses, court costs and expenses, prejudgment interest from the date of the hurricane, August 29, 2005; or alternatively from the date of PLAINTIFFS' Notice of Claim to the defendant;

6. Post judgment interest; and

7. Any and all other relief deemed appropriate by the Court.

Respectfully submitted:

*/s/ Charles S. Lambert, Jr.*

Charles S. Lambert, Jr.
Mississippi State Bar No. 9602
11940 Industriplex Boulevard, Suite 1
Baton Rouge, Louisiana 70809
Email: chipandkat@cox.net
Tel: (225) 405-0660
Fax: (225) 755-0510

# LEXINGTON INSURANCE COMPANY
## HO3 HOMEOWNER DECLARATIONS PAGE
— Insured Copy —

**LEX Elite** — PERSONAL LINES INSURANCE

**Policy Number:** LE 7865692 01

**Renewal of Policy Number:**

**Name of Insured and Mailing Address:**
Gordon Stewart
PO Box 36
Harvey, LA 70059

**Broker Name and Address:**
Florida Risk Specialists, Inc.
100 North Tampa St.
Suite 2050, 20th Floor
Tampa, FL 33602

**Policy Term:** 12 Month(s)    **Effective:** 06/09/2005    **Expiration:** 06/09/2006    12:01 AM Standard Time at the Insured's residence premises.

The residence premises covered by this policy is located at the above address, unless otherwise stated. 132 Sweet Bay Dr., Pass Christian, MS 39571

Insurance is provided only with respect to those special limits of liability applicable thereto:

**Coverage Part 1 – Homeowners**
- Coverage A: $ 150,000
- Coverage B: $ 15,000
- Coverage C: $ 75,000
- Coverage D: $ 30,000
- Loss Assessment: $ 1,000
- Ordinance or Law: 15%
- Coverage E: $ 300,000
- Coverage F: $ 5,000

**Coverage Part 2 – Personal Umbrella**
- Umbrella Limit: $ 0
- Self Insured Retention: $ 0

**Coverage Part 3 – Excess Flood**
- Building: $ 0    Excess of $ 250,000
- Contents: $ 0    Excess of $ 100,000

**Coverage Part 4 – Scheduled Property**
- Total Scheduled Property: $ 0

| Homeowners Deductibles | | |
|---|---|---|
| All Other Perils: | $ | 1000 |
| Wind and Hail: | $ | 3000 |
| Earthquake: | | Excluded |
| Special: None | $ | N/A |
| Special: None | $ | N/A |
| Minimum Earned Premium: | 25% | |

| | |
|---|---|
| Annual Premium: | $ 1,886.00 |
| Lexington Policy Premium: | $ 1,886.00 |
| Inspection Fee: | $ 128.00 |
| Policy Fee: | $ 100.00 |
| Surplus Lines Tax: | $ 85.96 |
| FILING FEE: | $ 35.00 |
| STAMP TAX: | $ 5.37 |
| **Total Due:** | **$ 2,240.33** |

**Mortgagee 1    Loan #**

**Mortgagee 2    Loan #**

**Sub Broker Information**
Name: Service General-AL
Addr 1: 265 Riverchase PKWY East
Addr 2: #100
City, St, Zip: Birmingham, AL 35244

**Homeowners Rating Information:**
| Territory: | 06 | Year Built: | 1990 |
| County: | Harrison-MS | Construction: | Frame |
| PC: | 6 | EQ zone: | N/A |

**Forms and Endorsements made part of this policy at time of issuance:**
Please See Schedule of Forms and Endorsements

This declaration page with policy provisions and endorsements, if any, issued to form a part thereof, completes the above numbered homeowner's policy.

This insurance is issued pursuant to the MS surplus lines law. Persons insured by surplus lines carriers do not have the protection of the MS Insurance Guaranty Act to the extent of any right of recovery for the obligation of an insolvent, unlicensed insurer.

Countersignature Date: 06/24/2005
Countersigned At: Tampa, FL
Date Issued: 06/24/2005

Countersignature: *John T. Moran* (signature)
Authorized Representative:

LexElite 11/00

Exhibit 1